UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

JUN - 2 2008
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED  JUN - 2 2008

LORETTA G. WHYTE
Clerk

HENRY COLORADO
Petitioner

vs.                                  Case No: 00-371"B"

UNITED STATES OF AMERICA
Respondent

## MOTION FOR REDUCTION OF SENTENCE
## "COLLATERAL CONSEQUENCES"

**COMES NOW,** Henry Colorado petitioner a non citizen alien who was convicted of a felony under title code **U.S.C.A § 391.** Petitioner was sentenced to 121 months and is presently serving his time at Reeves County Detention Center, Pecos Texas.

Because of his status as a deportable alien petitioner is ineligible to receive the rewards which are offered for the Residential Drug Treatment Program (RDAP) if petitioner qualifies. Petitioner also cannot receive a timely halfway house release and his security level is upgraded because of his alienage. This places the petitioner to serve his sentence under circumstances more severe than those facing American citizens convicted of the same crime, under similar circumstances. "Collateral Consequences" are not part of the Judgement of Conviction and should not be imposed upon the defendant as a further punishment.

The issue presented by this case is whether unusually harsh collateral consequences that are visited by law on a defendant as a result of his conviction may provide a basis for mitigating the penal sanction that would otherwise be required by the sentencing guidelines. Collateral consequences are not part of the Judgement of Conviction but seems like further punishment. The effect of such consequences, however, is as punitive as a term of incarceration. This is particularly true in this case where the collateral consequence is deportation due to alienage and where the con-

___Fee____
___Process_
_X_Dktd____
_X_CtRmDep.
Doc. No.____

sequence of that means a longer period of imprisonment under more severe conditions than would apply to a United States citizen convicted of the same offense under the same circumstances as the petitioner. **U.S.A vs. RESTREPO, Cite as 802 F. SUPP. 781 (E.D.N.Y 1992), RESTREPO 999 F 2d 640 (2nd Cir 1993).**

Further more because of his status as a deportable alien, the petitioners sentence will be served under circumstances more severe than those facing a United States citizen under similar circumstances. Unlike United States citizens who commit the same offense, who are equally culpable and who receive the identical guideline sentence under the same circumstances, the petitioner will not be eligible to serve his sentence in a minimum security facility. Because of his alienage he has received a Public Security Factor (PSF) rating which has increased his security level and eliminates his eligibility for a minimum security level rating and placement. The PSF designation signifies that the petitioners incarceration requires "increased security measures to ensure the protection of society". The designation renders offender ineligible to serve his sentence in a minimum security prison nor will he be eligible to serve the last ten (10) percent of his sentence in a halfway house or community custody program including home confinement. **U.S.A vs. NICHOLS, 912 F.2d 598, 603(2d Cir. 1990) also see 18 U.S.C.A § 3624(c).** This designation is reserved for offenders with convictions for serious or repetitive crimes of violence, sex offenders whose current offense or prior history involves aggressive behavior, offenders whose current offense or prior history indicates a significant threat to a government official or those who have ten (10) years or more remaining on their sentence. This PSF rating attached to the petitioner because of an INS detainer which renders the petitioner deportable has placed him to serve his sentence at a federal private contract facility that houses only deportable aliens. The conditions at facilities such as these are significantly lower than those of a federally owned and operated B.O.P facility. The privately run facility that houses the petitioner has inadequate vocational, education, recreational, medical and dental programs. The petitioner is also deprived of the opportunity to participate in the prison Unicor work program, which is not provided at private facilities, thereby denying him the opportunity to support himself financially during his term of imprisonment. This places additional hardships on petitioner and his immediate family.

## CONCLUSION

Furthermore, the petitioners sentence is being served under more severe conditions than those faced by a U.S. citizen who commits the identical offense and receives the same sentence. This is in violation of the Eighth Amendment which prohibit cruel and unusual punishment. This unduly harsh punishment is a violation of petitioners guaranteed due process and equal protection right under the Fifth and Fourth Amendments of the United States Constitution. These Constitutional Amendments are guaranteed for all person within the territorial jurisdiction of the United States without regard to race, color or national origin.

Petitioner will also face further detention in an INS facility for a period of 60-90 days upon completion of his sentence while he awaits deportation proceedings. These proceedings could have been undertaken while petitioner was serving his sentence. Detention can last longer than 90 days if petitioner has grounds on which to fight his deportation as this process takes time.

For the foregoing reasons outlined in this motion, the petitioner respectfully request a reduction of sentence no greater than two (2) points in the offense level. This translates into a sentence up to eight months less than the petitioner would otherwise have to face.

The petitioner respectfully prays that this Honorable Court grants him the requested reduction of sentence. Petitioner respectfully request a response to this motion within six (6) months upon receipt of this motion.

I certify under penalty of perjury that the foregoing is true and correct under 28 U.S.C.A § 1746. Wherefore for all the reasons stated above, the petitioner prays that this Honorable Courts Judge may grant in favor of the Collateral Consequences motion.

DATE: 05-30-2008

Respectfully Submitted

*Henry Colorado*
HENRY COLORADO
Reg.No: 27313-034
Reeves County Detention Center
P.O. Box 1560
Pecos, Texas 79772

## CERTIFICATE OF SERVICE

I hereby certify that the above motion was mailed by certified postage paid to the following.

DISTRICT CLERK
U.S. COURTHOUSE C-151
500 CAMP STREET
NEW ORLEANS, LA 70130


ASSISTANT UNITED STATES ATTORNEY OFFICE
501 MAGAZINE STREET, ROOM 210
NEW ORLEANS, LA. 70130


SAMUEL J. SCILLITANI JR.
819 FOURTH STREET
GRETNA, LA 70053


UNITED STATES DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY GENERAL
MICHAEL MUKASEY
CONSTITUTION AVENUE AND TENTH STREET N.W.
WASHINGTON D.C. 20530

HENRY COLORADO 27313-034
R.C.D.C II UNIT B1
P.O. BOX 1560
PECOS TX. 79772

MIDLAND 28 M

TENDERED FOR FILING
JUN - 2 2008
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

DISTRICT CLERK
U.S. COURTHOUSE C-151
500 CAMP STREET
NEW ORLEANS, LA 70130

70130+3302